UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| ERIKA QUALLS, as next friend for Minor K.R., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:22-CV-58 |
| | ) | |
| HAWKINS BOARD OF EDUCATION, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

On July 23, 2026, the Court held a status hearing on the Motion for Release of Settlement Funds to K.R. [Doc. 130]. Counsel for Plaintiff Larry Crain appeared by video and Plaintiff Erika Qualls was present via telephone. By way of background, during a hearing on May 28, 2026, the Court addressed Plaintiff's Motion, which stated that the requested settlement funds were to be used for K.R.'s "educational needs, attorney's fees, and court-approved disbursements. . .." The District Court's Order approving the settlement [Doc. 127] provided that the funds should be deposited in an interest-bearing account to be disbursed "solely for the educational needs of K.R. with leave of Court." Plaintiff's Motion requested payment of the full amount of settlement funds, which stand at approximately $110,000 plus interest accrued, for the purpose of paying tuition for K.R. as well as boarding and transportation to and from Erskine College in South Carolina. During the May 28, 2026, hearing, the Court determined that further information was necessary in order for the Court to address Plaintiff's Motion fully in a report and recommendation. Therefore, the Court ordered Plaintiff to file a supplemental motion with additional information once that information was available.

As no supplemental motion had been filed, the Court set the July 23, 2026, status hearing. During the hearing, the Court requested an update on the status of the additional information. Plaintiff advised that she had been shopping for a car for K.R. but was having difficulty because every time they located a suitable vehicle, it sold before funds could be obtained to purchase it. Plaintiff advised that she had been looking at vehicles in the price range of $16,000 to $20,000, and that she had found suitable vehicles within that price range. Counsel agreed that it would be possible for him to hold funds in his trust account, if the Court ordered funds to be disbursed to that account, for the purchase of a vehicle for K.R., so that Plaintiff could purchase a suitable vehicle as soon as she located one rather than having to wait for the longer Court-approval process. Plaintiff also advised that educational fees for K.R. had come due and that she had been paying for them out-of-pocket as they arose. K.R. is scheduled to move to campus in approximately two weeks.

The Court ordered Plaintiff to file updated documentation of K.R.'s required college tuition, room, board, books, fees, and other required expenses, including documentation of what Plaintiff had paid on his behalf to-date. Plaintiff has now provided that additional information. [Doc. 130].

The Court **RECOMMENDS** that the sum of $20,000 be released to be held in the trust account of Plaintiff's counsel to be used toward the purchase of a vehicle for K.R. so that he may travel to and from school and travel locally while at school, in aid of his education. Should Plaintiff be able to purchase a suitable vehicle for less than $20,000, and the excess funds be $2,000 or less, the Court **RECOMMENDS** that the remaining funds be disbursed to K.R. for use toward discretionary expenses incurred during his fall semester. Should the remaining funds exceed

$2,000, the Court **RECOMMENDS** that any funds over $2,000 be held in counsel's trust account pending a further order of the Court.

As to K.R.'s college expenses, the Court **RECOMMENDS** that Plaintiff Erika Qualls be reimbursed in the amount of $427.10 for fees and expenses that she has advanced out-of-pocket to Erskine College on behalf of K.R. The Court further recommends that the Clerk's Office disburse the sum of $14,305.00 to Erskine College at an address to be provided by Plaintiff's counsel to the Clerk's Office for K.R.'s fall college expenses.

This Report and Recommendation is now presented to the District Court for its consideration.[1] Due to the time-sensitive nature of the requests made on behalf of K.R., Plaintiff and her counsel were advised that should they have no objections to the undersigned's recommendations, they should so advise by filing a notice of no objections.

Respectfully submitted,

/s/Cynthia Richardson Wyrick
United States Magistrate Judge

[1] Objections to this Report and Recommendation must be filed within 14 days after service of this recommended disposition on the objecting party. 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Fed. R. Civ. P. 72(b); *see United States v. Branch*, 537 F.3d 582 (6th Cir. 2008); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (providing the failure to file objections in compliance with the time period waives the right to appeal the District Court's order). The District Court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive, or general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).